1
2
3
4
5
6
7
8
# UNITED STATES DISTRICT COURT
9
## SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 LINDA S. JARAMILLO, | CASE NO. 09 CV 2559 JM (POR) |
| 12                              Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| 13        vs. | |
| HARRAH'S ENTERTAINMENT, INC.; and | Doc. No. 5 |
| 14 DOES 1 through 10, inclusive, | |
| 15                              Defendants. | |

16

17          Plaintiff Linda Jaramillo ("Jaramillo") filed this tort action in state court.  (Doc. No. 1).

18 Jaramillo alleges she was injured while a "business invitee" at Harrah's Rincon Casino & Resort (the

19 "Casino") in Valley Center, California.  (Doc. No. 1).  The Casino is located on the reservation of the

20 Rincon San Luiseno Band of Mission Indians (the "Tribe"), a federally-recognized sovereign Indian

21 tribe.  (Doc. No. 5, Ex. 4).  Defendant Harrah's Entertainment, Inc. ("Harrah's") removed the action

22 to this court based upon diversity jurisdiction.  (Doc. No. 1).  Despite this, Harrah's now moves under

23 Federal Rule of Civil Procedure 12 to dismiss the action for lack of subject matter jurisdiction, lack

24 of personal jurisdiction, failure to state a claim upon which relief can be granted, and failure to join

25 a party under Rule 19.  (Doc. No. 5).

26          The court finds this motion appropriate for disposition without oral argument.  *See* CivLR

27 7.1(d)(1).  Plaintiff failed to file an opposition to Defendant's motion to dismiss.  Pursuant to local

28 rules, if a party fails to file an opposition, "that failure may constitute a consent to the granting of the

1  motion." CivLR 7.1(f)(3)(c). Nonetheless, the court will rule on the merits of Defendant's motion.

2  For the following reasons, the court hereby GRANTS Defendant's motion to dismiss.

## I.   LEGAL STANDARDS

4  In general, "the inherent sovereign powers of an Indian tribe do not extend to the activities of

5  nonmembers of the tribe." *Montana v. United States*, 450 U.S. 544, 565 (1981). However, there are

6  two exceptions to this general rule. First, a "tribe may regulate, through taxation, licensing, or other

7  means, the activities of nonmembers who enter consensual relationships with the tribe or its members,

8  through commercial dealing, contracts, leases, or other arrangement." *Id.* at 565. Second, a "tribe

9  may also retain inherent power to exercise civil authority over the conduct of non-Indians on fee land

10 within its reservations when that conduct threatens or has some direct effect on the political integrity,

11 the economic security, or the health or welfare of the tribe." *Id.* at 566. Where tribes possess

12 authority to regulate the activities of nonmembers, "[c]ivil jurisdiction over [disputes arising out of]

13 such activities presumptively lies in the tribal courts." *Strate v. A-1 Contractors*, 520 U.S 438, 453

14 (1997) (quoting 480 U.S. at 18).

15 Therefore, when there is a "colorable question" whether a tribal court has subject matter

16 jurisdiction over a civil action, federal courts will stay or dismiss the action and "permit a tribal court

17 to determine in the first instance whether it has the power to exercise subject-matter jurisdiction" over

18 the dispute. *Stock West Corp. v. Taylor*, 964 F.2d 912, 919 (9th Cir. 1992). But exhaustion in the

19 tribal court is required as a matter of comity, not as a jurisdictional prerequisite. *Iowa Mut. Ins. Co.*

20 *v. LaPlante*, 480 U.S. 9, 16 n.8 (1987). The fact that there is no tribal action pending does not defeat

21 the tribal exhaustion requirement. *Sharber v. Spirit Mountain Gaming, Inc.*, 343 F.3d 974, 976 (9th

22 Cir. 2003).

## II.   DISCUSSION

24 Jaramillo's complaint raises a "colorable question" regarding tribal jurisdiction. Arguably,

25 non-Indians who enter the Rincon reservation to enjoy the goods or services of the Casino are entering

26 a commercial relationship with the Tribe. As a "business invitee" at the Casino, Jaramillo essentially

27 alleges the existence of a commercial relationship. Jaramillo's allegations indicate that this

28 commercial relationship was formed with Harrah's, but because the Tribe owns the Casino, Jaramillo

1    at least arguably created a commercial relationship with the Tribe as well.

2          The Tribe owns the Casino and its operations are intertwined with Tribal welfare.  The Casino

3    is designed to promote "tribal economic development, self-sufficiency, and strong tribal

4    governmen[t]."  25 U.S.C. § 2702(1).  Although the pleadings do not make clear who is responsible

5    for day-to-day operations of the Casino, the Tribal-State Compact between the State of California and

6    the Tribe ensures that the Tribe is ultimately responsible for the Casino's operations.  (*See* Doc. No.

7    5, Ex. 2).  Therefore, any guest of the Casino arguably enters a commercial relationship with the Tribe

8    and is subject to the Tribe's civil jurisdiction regarding disputes that arise out of that relationship.

9    Because the Tribe may have civil jurisdiction over this dispute, this court must give the tribal court

10   the first opportunity to determine its own jurisdiction.  *Stock West*, 964 F.2d at 919.

11         When a court finds, as here, that tribal exhaustion is required, the court can stay or dismiss the

12   action, although it is error to dismiss for lack of subject matter jurisdiction.  *Sharber*, 343 F.3d at 976.

13   As Jaramillo failed to file an opposition to the motion to dismiss, the court finds dismissal appropriate.

14   Therefore, the court hereby GRANTS Defendant's motion to dismiss.  The Clerk of the Court is

15   directed to close the file.

16         **IT IS SO ORDERED.**

17   DATED:  February 16, 2010

18                                        _____
                                          Hon. Jeffrey T. Miller
19                                        United States District Judge

20

21

22

23

24

25

26

27

28